Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Jessica Nieves Muñiz<br><br>Recurrida<br><br>vs.<br><br>Admiral Insurance Company<br><br>Peticionaria | TA2025CE00813 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.:<br>C DP2017-0050<br><br>Sobre:<br>Daños por Delitos Criminales |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de enero de 2026.

Comparece Admiral Insurance Company Inc. (Admiral Insurance o parte peticionaria), a los fines de solicitar la revisión de la Resolución emitida el 2 de septiembre de 2025[1], por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI o foro primario). Mediante el referido dictamen, el foro primario ordenó la exclusión de los testigos propuestos por la parte peticionaria, toda vez que no fueron anunciados oportunamente durante la etapa del descubrimiento de prueba

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, expedimos el auto de *Certiorari*, y confirmamos, por los fundamentos que expondremos a continuación.

**I.**

Por hechos ocurridos 16 de julio de 2015, la Sra. Jessica Nieves Muñiz y el Sr. Ángel Nieves Muñiz (parte recurrida,

---

[1] Notificada en igual fecha.

conjuntamente)[2], hijos del Sr. Ángel Nieves Martínez (Sr. Nieves Martínez), instaron una Demanda[3] sobre daños y perjuicios en contra de Admiral Insurance. En síntesis, alegaron que unos sujetos atacaron con un objeto punzante a su padre, quien laboraba en una vaquería, lo cual le causó una herida en su cabeza. No obstante, adujeron que, una vez los paramédicos acudieron al lugar de los hechos, estos últimos se rehusaron a atender con inmediatez al Sr. Nieves Martínez. En vista de ello, solicitaron la indemnización, en concepto de daños y perjuicios, por la conducta negligente desplegada por los técnicos de emergencia, la cual le provocó la muerte a su padre, y consecuentemente, les causó angustias mentales a los recurridos.

Ante tales alegaciones, Admiral Insurance presentó su Contestación a la Demanda. En esencia, precisó que los paramédico observaron que el Sr. Nieves Martínez experimentaba un sangrado en su cabeza. Sin embargo, explicó que estos determinaron que, primero debían limpiar el espacio —que se encontraba pobremente iluminado— para atender al paciente. Igualmente, puntualizó que los hechos que produjeron el fallecimiento del Sr. Nieves Martínez responden a unas actuaciones criminales de terceras personas, y a las condiciones antes descritas.

Luego de una serie de acontecimientos procesales, el 9 de junio de 2025, el foro primario celebró una vista de estado de los procedimientos. A tales fines, emitió una Orden, en la cual concedió hasta el 24 de junio de 2025 para que la parte recurrida expusiera sus argumentos por escrito en torno a su alegación sobre una prueba sorpresiva anunciada por Admiral Insurance.

---

[2] Los demandantes, aquí recurridos, comparecieron ante el foro primario con sus respectivos cónyuges y la Sociedad Legal de Bienes Gananciales.
[3] Surge del expediente ante nos que, la parte recurrida incoó esta reclamación el 22 de febrero de 2017.

Así las cosas, el 25 de junio de 2025, la parte recurrida presentó una Moción en Cumplimiento de Orden Fijando Posición en Torno a que la Parte Demandada No Anunció Testigos ni Prueba Documental Durante el Descubrimiento de Prueba. En suma, contextualizó que el descubrimiento de prueba concluyó en el año 2019. Por tal razón, argumentó que la parte peticionaria intenta presentar prueba testifical y documental que no se descubrió en la etapa correspondiente.

Por su parte, el 23 de julio de 2025, Admiral Insurance sometió una Moción en Cumplimiento de Orden y en Oposición a la Moción de la Parte Demandante Solicitando Exclusión de Prueba. En su escrito, arguyó que los testigos propuestos, el Sr. Ángel Vargas Villanueva y el Sr. Javier Vélez Díaz, surgen de las contestaciones de un interrogatorio, remitido por la parte recurrida en el año 2018. A su vez, indicó que, le notificó de modo oportuno a dicha parte, sobre la presentación del informe de autopsia del médico patólogo.

Tras examinar sus respectivos argumentos, el 2 de septiembre de 2025, el foro primario dictó una Resolución, en la cual ordenó la eliminación de los testigos de Admiral Insurance, por no haberse anunciado oportunamente durante el descubrimiento de prueba. Respecto a la evidencia documental, dispuso que en ese momento no se encontraba en posición para emitir un dictamen, toda vez que la parte recurrida no especificó cuál prueba pretendía excluir. Por consiguiente, adelantó que, dictaría la correspondiente determinación durante la celebración de la Vista de Conferencia con Antelación a Juicio.

En desacuerdo, el 17 de septiembre de 2025, Admiral Insurance presentó una Moción de Reconsideración de la Resolución de 2 septiembre de 2025, Mediante la cual Eliminó los Testigos de la Parte Demandada. Señaló que los paramédicos son

testigos cruciales porque tienen conocimiento directo sobre los hechos pertinentes al caso presente. Sobre este particular, agregó que la parte recurrida tenía conocimiento de los nombres de estos testigos desde el año 2018. De igual forma, recalcó que, el testimonio del Dr. Chaves Arias es indispensable, pues no se puede autenticar el informe de autopsia sin su comparecencia. Por último, puntualizó que, la eliminación de los testigos mencionados constituye una sanción severa que incide en su debido proceso de ley.

En reacción, 14 de octubre de 2025, la parte peticionaria radicó una Moción en Cumplimiento de Orden, Fijando Posición en cuanto a Reconsideración y Otros Extremos. En su escrito, especificó que, el 10 de diciembre de 2019, el TPI permitió el descubrimiento de prueba limitado a la prueba pericial que restaba por presentarse. Argumento que, Admiral Insurance pretende inducir a error al tribunal al presentar información incorrecta respecto al tracto procesal del caso.

Evaluadas las posturas de las partes, el 24 de octubre de 2025, el foro primario emitió una Resolución[4] en la cual declaró No Ha Lugar la petición de reconsideración en lo concerniente a la exclusión de los testigos. A tales efectos, dispuso lo siguiente:

> ***En cuanto a la exclusión de los señores Vargas Villanueva y Vélez Díaz como testigos de la parte demandante, el Tribunal se reafirma en su determinación. Tal como se expresó en la Resolución emitida y notificada el 2 de septiembre de 2025, recae sobre las partes el deber de informar oportunamente los testigos a presentarse, conforme dispone la Regla 23.1 de Procedimiento Civil. Dicho deber no fue observado en este caso, pues la mera mención informar de posibles testigos no sustituye la notificación exigida por la Regla. Debe aclararse que la determinación del Tribunal no constituye una sanción, según se plantea en el escrito de reconsideración, sino una medida necesaria para salvaguardar el debido proceso de ley que le***

---

[4] Notificada en igual fecha.

*asiste a la parte contraria, de conformidad con las Reglas de Procedimiento Civil.*

*Por otro lado, en cuanto al patólogo forense, Dr. Carlos Chávez Arias, este Tribunal permitirá su testimonios para propósitos de impugnación y para los fines de autenticar el informe forense que este había realizado, como sostiene la parte demandada en su moción de reconsideración.* (Énfasis nuestro).[5]

Inconforme, el 24 de noviembre de 2025, Admiral Insurance recurrió ante este Tribunal de Apelaciones mediante una Petición de *Certiorari*, en la cual esbozó los siguientes señalamientos de error:

*Erró el TPI al concluir que la falta de una enmienda formal a los interrogatorios convertía en sorpresiva evidencia cuya existencia, identidad, contenido y pertinencia la recurrida conocía desde 2018.*

*Erró el TPI al excluir los únicos testigos de hechos de Admiral como primera y única medida, sin apercibimiento previo, sin evaluar sanciones menos severas y sin ponderar el perjuicio desproporcionado que ello causa, en abierta violación al debido proceso de ley según establecido en Rivera Gómez v. Arcos Dorados, 212 DPR 194 (2023).*

Presentado su recurso, el 3 de diciembre de 2025, emitimos una Resolución, en la cual concedimos a la parte recurrida hasta el 16 de diciembre de 2025 para someter su escrito en oposición. Tras la concesión de una prórroga, el 29 de diciembre de 2025, la parte demandante, aquí recurrida, radicó su Oposición a Petición de *Certiorari*. Con el beneficio de la comparecencia de las partes, procedemos a discutir el marco legal pertinente a la controversia ante nuestra consideración.

## II.

### A.

En norma reiterada, que el auto *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal

---

[5] Véase, Apéndice de la Petición de *Certiorari*, Anejo 28, a la pág. 2.

inferior. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Art. 670 del Código de Enjuiciamiento Civil, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 3491. La característica distintiva de recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

En aras de orientar la discreción judicial, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita aquellas circunstancias que permiten la intervención interlocutoria de este Tribunal de Apelaciones:

> *El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones **podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales,** asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.* (Énfasis nuestro).

Nuestra autoridad se activa de mediar alguna de estas instancias. Ello, pues, la regla procesal aludida establece que ciertos dictámenes interlocutorios pueden: (1) afectar sustancialmente el resultado del pleito, (2) tener efectos limitativos para la defensa o reclamación de una parte, o (3) conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847-848 (2023) (citando a R. Hernández

Colón, <u>Práctica jurídica de Puerto Rico: derecho procesal</u> *civil*, 6.a ed., San Juan, Ed. LexisNexis, 2017, Sec. 5515a, págs. 533).

No obstante, una vez se adquiere jurisdicción a tenor con la Regla 52.1 de Procedimiento Civil, *supra*, la expedición del auto y su adjudicación en los méritos es discrecional. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). En armonía con lo anterior, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a las págs. 62-63, 215 DPR __ (2025), delimita los siguientes criterios para ponderar la expedición del auto solicitado:

> *A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.*
>
> *B. Si la situación de hechos planteada es la más indicada para analizar el problema.*
>
> *C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *D. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> *E. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> *F. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Nótese que, la regla precitada facilita que la evaluación respecto a la expedición del recurso no transcurra en el vacío ni en ausencia de otros parámetros. *IG Builders et al.* v. *BBVAPR*, a la pág. 338; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Así pues, al examinar si procede la expedición del caso nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración. *Torres*

*González v. Zaragoza Meléndez, supra,* a la pág. 849. Por la naturaleza extraordinaria de este recurso, no debemos intervenir en las determinaciones de hechos del Tribunal de Primera Instancia, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013).

**B.**

En nuestro esquema procesal, el foro primario goza de amplia discreción para regular el ámbito del descubrimiento de prueba, toda vez que tiene el deber de garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Rivera et al. v. Arcos Dorados et al.*, *supra*, a las págs. 203-204; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022). Esta amplia discreción procura: (1) precisar los asuntos en controversia, (2) obtener evidencia para ser utilizada en el juicio, (3) evitar las sorpresas en la etapa de los procedimientos, (4) facilitar la búsqueda de la verdad, y (5) perpetuar evidencia. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 152 (2000); *García Rivera et al. v. Enríquez,* 153 DPR 323, 333 (2001).

Así pues, esta autoridad discrecional no se limita a la etapa del descubrimiento de prueba, sino que se extiende a todos los procedimientos posteriores. *Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009). Por ello, nos compete ser deferentes ante el ejercicio de las facultades discrecionales, salvo medien las siguientes circunstancias:

> *Los foros apelativos no hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho*

*sustantivo. Consejo de Titulares v. Triple-S,* 2025 TSPR 82, 216 DPR ___ (2025); *Torres González v. Zaragoza Meléndez, supra,* a la pág. 846 (citando a *Rivera y otros v. Bco. Popular, supra,* a la pág. 155).

En consonancia con lo discutido, la Regla 23.1(e) de Procedimiento Civil, 32 LPRA Ap. V. R. 23.1, impone el deber continuo de actualizar, corregir o enmendar la prueba:

> *(e) Obligación continua de actualizar, corregir o enmendar la prueba que se ha descubierto y de notificarla. — Una parte que haya respondido a una solicitud de descubrimiento tiene el deber continuo de actualizar, corregir o enmendar sus respuestas y notificar a la parte contraria toda información adicional que obtenga con posterioridad a dicha solicitud y que esté relacionada con dicho descubrimiento, siempre que el tribunal se lo ordene o que ocurra lo siguiente:*
>
> *(1) Que la parte tenga conocimiento de que el material entregado está incorrecto o incompleto y que la información adicional o correctiva no se ha dado a conocer a la otra parte.*
>
> *(2) Que la parte tenga conocimiento de que la información provista en la contestación del interrogatorio, el requerimiento de producción de documentos o el requerimiento de admisiones está incompleta o incorrecta y que la información adicional o correctiva no se ha dado a conocer.*
>
> *El incumplimiento de la parte con su obligación de preservar prueba estará sujeto a sanciones económicas o de cualquier otra índole que el tribunal estime a su discreción, incluyendo el desacato, según lo dispone la Regla 34.3.* ***El incumplimiento de la parte con su obligación de actualizar, corregir o enmendar conlleva la exclusión en el juicio de la prueba no actualizada si surge que, antes del juicio, la parte tenía conocimiento o debió tenerlo de la información adicional o correctiva y no la actualizó, corrigió ni enmendó.*** *No obstante, de así interesarlo, la parte que solicitó dicho descubrimiento podrá hacer uso evidenciario de dicha prueba. Si el descubrimiento de la prueba surge durante el juicio, se proveerá el remedio que corresponda.* (Énfasis nuestro).

En su interpretación del texto reglamentario precitado, el Tribunal Supremo de Puerto Rico ha establecido que las partes tienen el deber continuo de anunciar aquella prueba presentará en el juicio:

> *La Regla 23.1 de Procedimiento Civil 10 dispone una obligación continua de informar a la parte contraria sobre cualquier prueba que se obtenga y se pretenda utilizar durante el juicio. Dicha obligación no depende*

*del conocimiento o desconocimiento que tenga la otra parte de la existencia de la prueba: siempre existe el deber de informarla. Berríos Falcón v. Torres Merced, supra,* a la pág. 971.

Así pues, no constituye una sanción la exclusión de aquella prueba que no se informó en la etapa del descubrimiento de prueba.[6] Al contrario, la exclusión de la prueba no anunciada es una medida que contempla la Regla 23.1(e) de Procedimiento Civil, *supra,* para garantizar el debido proceso de ley de todas las partes. Al amparo de este proceder, el foro primario evita sorpresas en etapas posteriores, y garantiza una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. Véanse, *Rivera et al. v. Arcos Dorados et al.*, *supra*, a las págs. 203-204; *Cruz Flores et al. v. Hosp. Ryder et al.*, a la pág., 497.

## III.

De entrada, establecemos que, de conformidad con los criterios recogidos en la Regla 40 del Tribunal de Apelaciones, *supra,* este foro intermedio apelativo se encuentra en posición de expedir el auto solicitado. En virtud de la discreción que ostentamos, procedemos a resolver la controversia ante nuestra consideración.

---

[6] Conviene puntualizar que, en el caso *Rivera et al. v. Arcos Dorados et al., supra*, el Máximo Foro estatal concluyó que la denegatoria de la presentación de un perito constituyó una sanción, toda vez que, el anuncio de tal prueba se efectuó previo a la culminación del descubrimiento de prueba:

> *En el contexto particular de los sucesos procesales de este caso, la solicitud de los peticionarios no implicaba una carga adicional para los recurridos ni una mayor dilación en el trámite de los procedimientos.* **Lo cierto es que el descubrimiento de prueba todavía no había concluido y la toma de deposiciones de los peticionarios se encontraba pendiente.** *Más aún, el tribunal de instancia recientemente había autorizado una enmienda a la demanda para incluir a un nuevo codemandado al pleito. Por ende,* **contrario a lo manifestado por el foro apelativo intermedio, determinamos que el tribunal de instancia abusó de su discreción al denegar la presentación del perito aquí implicado sin antes considerar la imposición de sanciones menos severas, apercibir a los peticionarios de las consecuencias de su incumplimiento y cuando el descubrimiento de prueba aún no había concluido.** Íd., a las págs. 215-216. (Énfasis nuestro).

**Así expuesto, distinguimos el precitado caso del recurso de epígrafe. En lo pertinente a la discusión, adelantamos que, en el caso ante nuestra consideración, el proceder del foro primario respondió a una medida contemplada en la Regla 23.1(e) de Procedimiento Civil,** *supra,* **para evitar la presentación de prueba sorpresiva, y en efecto, garantizar el debido proceso de ley que le asiste a la parte recurrida. Por ende, subrayamos que, la actuación adoptada por el tribunal recurrido no constituyó una sanción, pues, la parte peticionaria ostentó la oportunidad de presentar tales testigos.**

En el recurso presente, Admiral Insurance señala que, erró el foro primario al excluir sus únicos testigos de hechos sin previamente evaluar sanciones menos drásticas para garantizar su debido proceso de ley. En vista de ello, nos peticiona la revocación del dictamen recurrido a los fines de permitir la presentación del testimonio de los paramédicos, los señores Vargas Villanueva y Vélez Díaz.

En contraposición, la parte recurrida argumenta que Admiral Insurance incumplió con el deber de informar oportunamente los testigos que presentaría durante la celebración de juicio. Aduce que, a pesar de haber culminado el descubrimiento de prueba, la parte peticionaria anunció sus testigos en la etapa del Informe de Conferencia con Antelación al Juicio. Ante tal contexto, arguye que la exclusión de dicha prueba constituye un remedio razonable, cónsono con la normativa procesal vigente.

Luego un análisis sosegado del recurso de epígrafe, determinamos que actuó correctamente el foro primario al no permitir la presentación de los testigos propuestos por la parte peticionaria. Surge del expediente ante nos que, la etapa del descubrimiento de prueba de este caso culminó, y en efecto, el TPI calendarizó la celebración del juicio para el mes de marzo de 2026.[7] Sin embargo, contemplamos que, a pesar de haber concluido dicha fase, Admiral Insurance anunció sorpresivamente que presentaría el testimonio de Ángel Vargas Villanueva y Javier Vélez Díaz en la celebración del juicio. Ante tales circunstancias, colegimos que la parte peticionaria debió informar durante la etapa del descubrimiento de prueba que presentaría tales testigos, como exige la Regla 23.1(e) de Procedimiento Civil, *supra.* Recordemos, pues que, la precitada regla impone la obligación continua de

---

[7] Véase, Apéndice de la Petición de *Certiorari,* Anejo 17, a la pág. 1.

informar sobre cualquier prueba que se pretenda presentar en la celebración del juicio. Destacamos que, tal deber no depende del conocimiento o el desconocimiento que tenga la otra parte de la existencia de la prueba. Véase, *Berríos Falcón v. Torres Merced*, *supra*, a la pág. 971.[8]

A la luz de lo discutido, razonamos que Admiral Insurance incumplió con el deber establecido en la Regla 23.1(e) de Procedimiento Civil, *supra* al anunciar a destiempo a sus testigos. En vista de lo anterior, dictaminamos que el foro primario procedió conforme a derecho al ordenar la exclusión de los testigos, según le permite la referida disposición reglamentaria. Su determinación garantiza una solución justa, rápida y económica del caso presente, sin ventajas para ninguna de las partes. Véanse, *Rivera et al. v. Arcos Dorados et al.*, *supra*, a las págs. 203-204; *Cruz Flores et al. v. Hosp. Ryder et al.*, a la pág., 497.

Por consiguiente, nos corresponde ser deferente ante el adecuado ejercicio de las facultades discrecionales por parte del tribunal recurrido. Concluimos que, la actuación judicial cuestionada no vulnera el debido proceso de ley de la parte peticionaria ni constituye una sanción en su contra. Al contrario, la actuación impugnada descansa en la facultad reconocida en la Regla 23.1(e) de Procedimiento Civil, *supra,* cuyo contenido permite la exclusión de aquella prueba que no ha sido informada oportunamente. En virtud de lo anterior, confirmamos el dictamen recurrido, pues no denota prejuicio, parcialidad o error manifiesto en la interpretación o la aplicación de norma procesal o sustantiva por parte del foro primario.

---

[8] En su escrito de reconsideración, Admiral Insurance afirma que no enmendó las contestaciones a los interrogatorios para reflejar la información relativa a la prueba anunciada. No obstante, asegura que la parte recurrida tenía conocimiento de los testigos desde hace años. Véase, Apéndice de la Petición de *Certiorari*, Anejo 25, a la pág. 7. **Ante tal argumentación, recalcamos que, el deber de informar contemplado en la Regla 23.1(e) de Procedimiento Civil, *supra,* subsiste independientemente de que la contraparte posea o no conocimiento de la prueba que se pretenda presentar en el juicio.**

## IV.

Por los fundamentos expuestos, los cuales hacemos formar parte de este dictamen, expedimos el auto de *Certiorari*, y confirmamos la Resolución recurrida, emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones